### MICHAEL CASSIDY v. GEO. W. TAYLOR.

CONTRACT—*Agreement.*    T. entered into a contract with a fair association to do certain grading upon its race track for a stipulated price per cubic yard.    It was agreed between T. and C. to divide the profits on this work.    On a settlement T. gave C. a due-bill for the balance of his share of the profit for the work, when the fair association should settle with him.    Subsequently a small payment was made by T. on this order, and at the time C. brought his suit for wages against T. there was a larger amount still due T. from the fair association than was coming to C, on the order, *held*, that there was no error in the judgement of the trial court against C.

*Error from the District Court of Logan County.*

Action brought by plaintiff in error, to recover the sum of $134.51 alleged to be due him for work and labor.    Judgment for defendant for costs, from which plaintiff appeals.    Affirmed.

*S. D. Decker*, for plaintiff in error.

*Baker & DeBois*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.:    The plaintiff brought his action against the defendant to recover the sum of $134.51, which he alleged was due him for work and labor performed by plaintiff for defendant in the summer of 1893, in grading the race track of the fair association in Logan county.

The defendant answered by general denial, and also by interposing a special defense, in which he claimed that the defendant had contracted for grading the race track of the fair association at the rate of ten cents per cubic yard of material removed. That the plaintiff knew of the terms of the contract, and entered into a co-partnership with the defendant, under the terms of which the defendant was to furnish a large portion of the stock, scrapers and tools necessary for doing the work, and the plaintiff was personally to superintend the work and act as foreman thereon, and that the plaintiff and defendant were to devide the net profits equally. That the profits of the transaction were about the sum of $425, and on partial settlement with the plaintiff in November, 1893, it was agreed that there was $154 coming to the plaintiff when the defendant should receive pay from the fair association, and that the plaintiff had accepted the defendant's written order for this amount of money to be paid when the association paid the defendant in full, and that the association had never paid the defendant for the work done.

The plaintiff filed his reply in general denial, and also by separate paragraph admitting that the defendant had received the contract mentioned, with the fair association, and that the defendant was to give his personal attention to doing the work; denying that there was a partnership, and alleging that the sum of $212.50, which was one-half of the profits for this grading, was to be paid the plaintiff by defendant at the time of the completion of the work; and alleging that in November, 1893, there was a full and complete settlement between plaintiff and defendant, and that it was ascertained that there was a balance due the plaintiff of the sum of $159.50.

Upon these issues trial was had before the court, jury being waved, and judgment rendered for the defendant, which the plaintiff now asks to have reversed.

The evidence offered on the trial is all contained in the record, and consists entirely of the testimony of the plaintiff and of the defendant, and the following writing which it is admitted on both sides was delivered to the plaintiff by defendant in November, 1893, some time after the work was completed:

"Due Mr. Cassidy $159.51 for work on race track when Fair association settles with me.   G. W. Taylor."

There is, in fact, very little dispute in the evidence in the case. The terms of the contract between Taylor and the fair association, under which the work was done, are not disputed. The amount of the work is not disputed; and there is only a difference between $157.50 and $159.51, less a payment by Taylor on Cassidy's order of $25 since this settlement, in the amount that would, on complete settlement, be due to Cassidy.

The dispute is as to whether Cassidy was to receive his payment from Taylor on completion of the work, irrespective of any settlement between Taylor and the association, or whether Cassidy was to receive his money when Taylor had received settlement or payment in full from the fair association.

Cassidy's testimony clearly supports his theory of the case.  Taylor's testimony clearly supports his theory of the case.  And the only written evidence, which consists in the due-bill signed by Taylor in November, and which Cassidy admits he received, clearly supports Taylor's theory of the case, and of course the finding of the court in Taylor's favor settles that question.

But it is claimed by counsel for plaintiff in error that the legal effect of this due-bill was to require payment

within a reasonable time, and he cites the case of *Jones v. Eisler*, 3 Kansas, 134, and *Lewis v. Tipton*, 10 Ohio St. 88, in support of this contention.

Neither of these cases support this contention. The *Jones v. Eisler* case was a suit upon a promissory note, which was given upon a settlement for work and labor, of one Andres, who endorsed the note to plaintiff for work and labor, and contained a promise by the maker to pay "when he receives it from the government for losses sustained in August, 1856, or as soon as otherwise convenient." The receipt by the maker of the note from the government of compensation for his losses appears to have had no connection with the compensation due the payee of the note for his labor. They were entirely separate transactions, and the court said:

"After having performed work to the full amount of the note, it could not have been intended that Andres should never get his money unless Jones got his from the government, or should find it otherwise convenient to pay. The intention of the parties doubtless was, that it should in any event be payable in a reasonable time, and such is the legal effect of the instrument."

The waiting for payment by the laborer was a mere convenience extended to his employer. In the case at bar, however, the parties were jointly and equally interested in the compensation which was due for the work they did jointly for the fair association; and under the state of the case which is presented here, this money would be due Cassidy only when received by Taylor from the fair association. It was not a mere convenience extended to Taylor for a reasonable time, but was a substantial part of the agreement to pay upon a fixed condition, which was when Taylor received this money, and in which both parties, as between themselves, had a joint interest.

Whether the transaction between Taylor and Cassidy is called a partnership or not, makes little difference. It was a contract in which they were both interested in doing a piece of work, and there is nothing to show to us that Taylor was bound to pay Cassidy his, Cassidy's, share of the money before he, Taylor, got it. And the settlement made by the parties is an agreement that Taylor should pay Cassidy when Taylor received settlement from the party for which the work was done.

The case of *Lewis v. Tipton* is not at all in point. There the condition was that payment should be made by the maker of the note " when I can make it convenient, with ten per cent. interest till paid," and the court properly held that this was an agreement to pay "within a reasonable time after its date."

The case presents itself here as a plain action at law. No recourse was had to any equitable powers of the court, and no equitable remedies sought. It was simply a question whether Taylor owed Cassidy $134.51 under the facts of the transaction, and the trial court held, as we must take the record, that Taylor did not owe Cassidy this money so long as the association for which they did the work still remained indebted to Taylor in the sum of $157.

We see no error of law in this conclusion. The judgment is affirmed.

Dale, C. J., who presided in the court below not sitting; all the other Justices concurring.